IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| GERALD A. FILL, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | Civil Action No.: 1:12-cv-1054 |
| MIDCOAST FINANCIAL, INC., et al., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Procedural History

This matter comes before the Court on Defendant Chandrakant Shah's Motion to Dismiss the Complaint (Dkt. No. 3). There are several named defendants, but only Mr. Shah has brought this Motion to Dismiss. Gerald and Josephine Fill ("Plaintiffs") brought suit against MidCoast Financial, Inc. ("MidCoast"), GFAP, Inc. ("GFAP"), as well as against Chandrakant Shah ("Defendant") in his individual capacity as an officer of both MidCoast and GFAP. Plaintiffs have brought five counts against Defendants: (1) Count 1 – Breach of Contract, (2) Count 2 – Fraud, (3) Count 3 – Violation of VA Code § 18.2-499, the willful and malicious injury to Plaintiffs' reputation, trade and/or business by various means, (4) Count 4 – Conversion, and (5) Count 5 – Civil violation of the Federal Racketeer Influenced and Corrupt Organization Act.

In its Memorandum in Opposition, Plaintiffs concede that Counts 4 and 5 of the Complaint do not apply to Mr. Shah. Counts 4 and 5 against Mr. Shah are dismissed with prejudice.

### II. Background

Prior to 2005, Gerald A. Fill and Josephine L. Fill ("Fills"), Plaintiffs, owned all of the

stock of Gerald A. Fill & Associates, Inc. ("Fill, Inc."), a closely-held Virginia corporation. In 2005, a broker introduced the Fills to MidCoast Financial, Inc., a Florida corporation, in order to facilitate a Share Purchase Agreement ("SPA"). The Fills began negotiations with two of MidCoast's officials, Donald William Stevenson and Michele Stewart, who are also defendants in this case. According to Plaintiffs' complaint, either Stevenson, Stewart, or both persons represented that the purchase agreement would result in a legitimate tax liability reduction for the Fills. Between March 2005 and the June 23, 2005 settlement date, the Fills had numerous contacts with Stevenson and Stewart, in their capacity as MidCoast's agents. They had no contact at all with Defendant Shah.

Stevenson sent Plaintiffs a signed Letter of Intent in March 2005 proposing that the Fills sell all of their stock in Fill, Inc. to MidCoast. Section 7(b)(v) of the Letter indicated that certain funds from the sale would be used to pay the Fills' tax liability resulting from the sale. Section 1 of the Letter also required that all of Fill, Inc.'s liabilities following the sale would be subtracted from the purchase price.

On April 4, 2005, about one month after the Letter of Intent was delivered, GFAP, LLC, a Delaware limited liability company, was formed for the purpose of carrying out the SPA on behalf of MidCoast. The Fills claim that they did not learn about the creation of GFAP until immediately prior to signing the Share Purchase Agreement. They further claim that Stevenson misrepresented the role of GFAP when the Fills discovered the entity was listed as a purchaser of the stock. He explained that GFAP was the managing arm for MidCoast, when it was in fact a wholly separate entity. VA Cir. Ct. Complaint at ¶11(f).

The Fills also allege that they were convinced to enter into the agreement, despite their reservations, based on the fact that Stevenson, Stewart and their attorney misrepresented their

2

experiences by claiming that they had executed a number of similar transactions without problem. Instead, the Complaint charges that the entire scheme was designed to carry out tax fraud in violation of the IRS code. The Complaint also asserts that Stevenson and Stewart induced the Fills to enter into the agreement by assuring them that they could rely on the Letter of Intent and that any future tax liability would be covered because this type of stock sale only creates filing duties in the buyer.

On June 23, 2005, the parties executed the Share Purchase Agreement. The purchaser was listed as GFAP, a subsidiary of MidCoast. Defendant Chandrakant Shah was President of MidCoast as well as President of GFAP at the time of the transaction and signed the SPA in his official capacities for each entity. The contract was concluded in the offices of the Fills' attorneys in Charlottesville, Virginia, but Mr. Shah was not present. He had signed the document prior to the closing and claims he never entered Virginia for any purposes relating to this transaction. Apart from Mr. Shah's signature on the agreement, he had no contact with the Plaintiffs. They do not allege that he caused them to sign the agreement or engaged in any direct misrepresentation. Mr. Shah resides in India and has not visited the United States since 2008. Since the closing of the SPA, Fill, Inc.'s tax liabilities resulting from the transaction have not been paid by MidCoast or GFAP.

### III. Analysis

Defendant brings the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), for lack of personal jurisdiction; 12(b)(3), improper venue; 12(b)(5), insufficient service of process; and 12(b)(6), failure to state a claim upon which relief can be granted. As noted, Plaintiff does not oppose the dismissal of Counts 4 and 5 against Mr. Shah.

### A. Personal Jurisdiction

A state court may exercise personal jurisdiction over a defendant only if there exist

sufficient minimum contacts between defendant and the forum state where the court sits. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Similarly, a District Court may exercise personal jurisdiction over a defendant only if the defendant maintains sufficient minimum contacts with the state where the District Court resides. The purpose of this limited jurisdiction is to protect defendants from the burdens of litigating in a distant or inconvenient forum. *Id.* at 292. Finally, a defendant must purposefully avail itself of the privilege of conducting activities in a state such that the exercise of personal jurisdiction is constitutionally reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475.

In this case, Defendant does not have sufficient minimum contacts to allow this Court to exercise personal jurisdiction over him. Mr. Shah maintains that he has never transacted any business in the Commonwealth of Virginia, apart from signing the SPA in question. Shah Affidavit at 2. He has never resided in Virginia, never maintained offices or agents in Virginia, and never made contact with Plaintiffs in Virginia. *Id.* More importantly, Mr. Shah claims that he never entered the forum in order to conduct any part of the transaction in question.

Plaintiffs have not alleged any facts that allow the Court to find that Mr. Shah maintained sufficient minimum contacts in Virginia. Plaintiffs instead argue that the transaction between Plaintiffs and Mr. Shah's corporations, MidCoast and GFAP, allow the Court to exercise jurisdiction. Under the Virginia Code, a court may "exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's...[t]ransacting any business in this Commonwealth. VA Code § 8.01-328.1(A)(1). Plaintiff argues that Virginia's single-act statute requires only one transaction and that Mr. Shah's signature on the SPA was an "act" under the statute. If the question before the Court were whether the Court could exercise jurisdiction over GFAP or MidCoast, this argument would be relevant. In this

4

case, however, Mr. Shah was acting on behalf of and in his official capacity as president of the corporations. The Fourth Circuit has held:

> [I]f the claim against the corporate agent rests on nothing more than that he is an officer or employee of the non-resident corporation and if any connection he had with the commission of the tort occurred without the forum state, we agree that, under sound due process principles, the nexus between corporate agent and forum state is too tenuous to support jurisdiction over the agent personally by reason of service under the long-arm statute of the forum state.

*Columbia Briargate Co. v. First Nat'l Bank in Dallas*, 713 F.2d 1052, 1064-65 (4th Cir. 1983).

Mr. Shah, in his individual capacity, cannot be subject to the same test for personal jurisdiction as the corporations for which he works. As a result, Plaintiffs have not established the minimum contacts requirement for this Court to exercise personal jurisdiction over Mr. Shah individually.

Defendant's Motion to Dismiss the claim based on a lack of personal jurisdiction, pursuant to FCRP 12(b)(2) shall be GRANTED.

**B.     Forum Selection**

Defendant's Motion to Dismiss also cites FRCP 12(b)(3), which allows parties to obtain dismissal when the plaintiff brings suit in an improper venue. In this case, Defendant claims that the Share Purchase Agreement's forum selection provision governs this matter and that this Court is not the proper venue. As the Supreme Court has held, "where forum selection provisions have been obtained through freely negotiated agreements and are not unreasonable and unjust, their enforcement does not offend due process." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

The SPA signed by the parties contained a mandatory forum selection clause that is enforceable and not subject to the Court's voidance. The clause states, in part:

5

> The exclusive venue for any legal action, claim, suit, dispute or matter arising out of or relating to this Agreement...shall be, if in state court, the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and if in federal court, the United States District Court, Southern District of Florida, West Palm Beach Division.

SPA at § 11.4. Plaintiffs' complaint and Opposition Memorandum offer no evidence that the forum selection provision was unreasonable or unjust. Both parties were represented by counsel at the time the contract was signed, which occurred in Plaintiffs' counsel's offices.

Because Plaintiffs failed to file this action in the proper venue, the Court must dismiss the case with prejudice. If a forum selection provision establishes exclusive jurisdiction and the contract language is not ambiguous, it must be given proper effect. *See Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 549-50 (4th Cir. 2006); *Unistaff, Inc. v. Koosharem Corp.*, 667 F.Supp. 2d 616, 619-620. (E.D. Va. 2009). Here, the contract language is clear and the contract was agreed to by both parties after negotiations and counsels' involvement.

Plaintiffs argue that the forum selection clause is invalid because the Fills were induced into signing the contract by fraud. Indeed, courts should not enforce a forum selection clause when the challenging party establishes that such a provision has been affected by fraud or unequal bargaining power. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 633 (1985). In this case, Plaintiffs allege that several of the Defendants represented that they had successfully conducted several similar transactions in the past. They also claim that Defendants agreed to pay the tax liabilities following the sale, but did not. The first issue does not rise to the level of fraud and no evidence has been offered to indicate this representation was untrue. The fact that the defendant corporations agreed to pay the tax liabilities and failed to do so does not give rise to a separate fraud. It simply gives rise to a potential breach of contract claim. Under such circumstances, the forum selection clause was not agreed to because of fraud

or unfair negotiating positions. It was a bargained-for provision of the share purchase agreement. The Court will enforce the forum selection provision and GRANT the Motion to Dismiss pursuant to FCRP 12(b)(3).

## IV. Conclusion

Defendant's Motion to Dismiss the claim against Mr. Shah is granted due to this Court's lack of personal jurisdiction over Defendant and, alternatively, that Plaintiffs brought the action in the wrong venue. Having found good cause to dismiss this action with prejudice, the Court does not reach the merits of Defendant's motions as they relate to the alleged faulty service of process or the running of the statute of limitations claim for fraud. Defendant has met his burden to have this action dismissed from this Court.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Liam O'Grady
United States District Judge

November 20, 2012
Alexandria, Virginia